IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TIFFANY M. YOUNG-PARKER                                                        PLAINTIFF

VS.                           CASE NO. 4:09CV00202 JMM

AT&T MOBILITY LLC AND
TAMMY JORDAN                                                                    DEFENDANT

## ORDER

Pending before the Court is defendant Tammy Jordan's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to respond to the motion. For the reasons stated below, the motion is granted (#9) and plaintiff's claims against Jordan are dismissed.

Plaintiff brings Title VII, 42 U.S.C. §§ 2000e, Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"), Americans with Disabilities Act, 42 U.S.C. § 12203(a) ("ADA"), and First and Fourteenth Amendment claims based upon the defendants' alleged failure to accommodate her physical disability and her religious beliefs. She alleges that AT&T Mobility LLC is her employer and that Jordan is her supervisor.

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The rule does not require great detail, but the facts alleged "must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Id*. at 555, 547.

Plaintiff's Title VII, ADA, and ADEA claims against Jordan fail as supervisors are not individually liable under Title VII, the ADA, or the ADEA. *See Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (Title VII); Morrow v. City of Jacksonville, 941 F.Supp. 816, 819-20 (E.D .Ark.1996) (ADA); 29 U.S.C. § 623(a)(1) (ADEA).

42 U.S.C. § 1983 secures constitutional rights from infringement by state actors, not individuals unless that individual participants in a joint action with the State or its agents. *See* 42 U.S.C. § 1983; *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Here, plaintiff alleges that her constitutional rights were violated. However, she does not allege that Jordan is a state actor or that she has participated in a joint action with the State or its agents. Consequently, plaintiff's claims against Jordan based upon the First and Fourteenth Amendments are without merit.

IT IS SO ORDERED THIS  29  day of   April  , 2009.

_____
James M. Moody
United States District Judge